CHARLES W. ANDERSON, Appellant, *v.* RUDOLPH LEBLANG, Respondent. (Two actions.)

Supreme Court, Appellate Term, Second Department, January 22, 1925.

**Trial — conduct of trial — action for work, labor and services — plaintiff entitled to amount covering items conceded by defendant — view of premises by trial justice, in absence of consent of parties, error.**

In an action for work, labor and services, plaintiff is entitled to recover the amount embracing items conceded by the defendant, though said items were grouped in one action but were performed under separate contracts.

It was error for the trial justice to view the premises in the absence of the consent of either party, particularly where his determination against the plaintiff was to some extent controlled by what was revealed by his view.

APPEAL from judgments and orders of the Municipal Court, Borough of Brooklyn, Fifth District.

*Charles Soble,* for the appellant.

*William Kaufman,* for the respondent.

PER CURIAM:

Judgments and orders unanimously reversed on the law and new trials granted, with fifteen dollars costs in each case to the appellant to abide the event.

The record clearly shows that, as to the second action, the

defendant conceded the plaintiff was entitled to $115 for cornice work and pilasters and $65 for a lady's desk. The record is not clear as to the item for $300 claimed under plaintiff's exhibit 1. The items embraced within the second action, although grouped in one action, were performed under separate contracts. Therefore, while plaintiff may not have been entitled to recover for some of the amounts set forth in that action, he was entitled to be compensated for the items admitted. Since the court has denied the plaintiff any relief, it is fair to assume that the trial justice was, to some extent, controlled by what was revealed by his view of the premises. That view was not consented to by the parties and was not made in the presence of the plaintiff, and no opportunity was given to the plaintiff to explain anything disclosed by the view. In the absence of the consent of the parties, the court could not view the premises in order to determine whether plaintiff had or had not performed.

Present: CROPSEY, LAZANSKY and MacCRATE, JJ.