Alexander Del Giorno, J.
This is a motion made by the State for an order permitting the reopening of the trial in this case solely to permit the court to view the scene of the accident involved herein and the operation of the instrumentality which it is alleged caused the accident. The claimant herein opposes the motion on the ground that the information sought to be acquired is not newly discovered evidence.
The facts are briefly as follows: The claimant purchased a ticket for himself and his infant boy which paid for a chair lift ride at Belleayre Mt. Ski Center, Highmount, New York. When he was. ready to descend he stood on the platform provided for that purpose, holding his child in his arms. While he was thus standing he claims that he was struck from the rear by some part of one of the chairs, was thrown by the impact into the moving chair, and taken down to the descending platform, which caused the injuries complained of. During the trial, the attorney for the claimant proposed to the Attorney-General that the court be permitted to view the scene of the accident. The proposal was not then agreeable to the State. After the trial, the Attorney-General made the instant motion, which the claimant now opposes. Whatever the reasons may have been for the Attorney-General to refuse to agree originally and now for the claimant’s attorney to object to the Attorney-General’s application for the same relief, the court may not question. Each party stood upon his rights, the one in asking that the court view the scene and the other in refusing to join in the request. The court finds no fault with either side, but since it is accepted law that the court may not view the scene of an accident or instrumentality unless permitted to do so on the consent of both parties (Anderson v. Leblang, 125 Misc. 820; Ralph v. Southern Ry. Co., 160 S. C. 229), this motion must be denied and the court will render its decision in accordance with the evidence presented at the trial.
Settle order on notice.