[No. 6295.]

THE DENVER OMNIBUS AND CAB COMPANY v. THE J. R. WARD AUCTION COMPANY.

Trials Without Jury—Voluntary View by Judge—Where the issue is tried without a jury, it is improper for the judge to afterwards proceed to the scene of the alleged accident, without the knowledge or consent of the parties, and from what he there observed, discredit and reject testimony given for one of the parties.

The issue is to be determined, in such case, solely upon the testimony submitted.—(448)

*Appeal from Denver County Court*—Hon. W. G. ALEXANDER, Judge.

Messrs. THOMAS, BRYANT & MALBURN, for appellant.

No appearance for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court:

This is an appeal from a judgment rendered in an action brought by the appellee, as plaintiff, against the appellant, as defendant, to recover damages resulting from the alleged negligence of an employee of the latter. Trial to the court. Judgment for the plaintiff, from which the defendant appeals.

There was a decided conflict in the testimony bearing upon the facts, upon which plaintiff based its right to a recovery. On behalf of plaintiff the testimony was to the effect that the driver of a wagon belonging to the defendant company so carelessly drove the team to which it was attached, that it collided with a wagon and team belonging to the plaintiff, with the result that the team ran away. On behalf of the defendant the driver testified that his team was walking; that when it got opposite the rear of plaintiff's wagon, the horses attached to the latter started. He denied that his wagon collided with the wagon of plaintiff. He also testified to facts which, if true, would tend to disprove some of the statements of one of the witnesses for plaintiff, for the reason that such witness was not in a position at the time of the alleged collision between the wagons as to be able to see, or state, what occurred. After the case was submitted, the trial judge, without the knowledge or consent of either of the parties, visited the scene of action, and in disposing of the case, stated that from his examination, it appeared the statements of the driver of the wagon belonging to the defendant with respect to the position of the witness for plaintiff to whom we have referred, could not be true, and for that reason concluded, as he

stated, that little credit could be given to anything else the driver had said.

We know of no rule of law or practice which authorizes a trial judge, after a cause has been submitted to him for determination, to search, of his own motion and without the consent of the parties, for extrinsic testimony and circumstances, and apply what he may learn in this way to corroborate the testimony upon one side or to cast discredit on the testimony of the adverse party. In view of the decided conflict in the testimony it is apparent that what the trial judge assumed to have learned as the result of visiting the premises where the alleged collision took place, was applied to the prejudice of the defendant in determining the weight of the testimony of the respective parties and the facts which should have been determined from the testimony submitted to him, alone.

The judgment of the county court is reversed and the cause remanded for a new trial according to law.                          *Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE WHITE concur.