**MOSER et al. v. MORTGAGE GUARANTEE CO.**

No. 9822.

Circuit Court of Appeals, Ninth Circuit.

Nov. 18, 1941.

Lloyd S. Nix and Lilian M. Fish, both of Los Angeles, Cal., for appellants.

Clarence E. Fleming, Clay Robbins, and C. S. Tinsman, all of Los Angeles, Cal., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

Petitioners, having been adjudged bankrupt, continued in possession of a certain farm under a "rental" order after appraisal in accordance with Sec. 75, sub. s, of the Bankruptcy Act, as amended by the Act of August 28, 1935, 49 Stat. 943, 11 U.S. C.A. § 203, sub. s.

Subsequently petitioners requested a reappraisal as provided for in subdivision 3 of § 203, sub. s, and an appraiser was appointed who fixed and duly reported the value of the farm to be the sum of $9,000. No objection, exception or appeal was ever made or filed thereto, and no action was taken by the conciliation commissioner regarding such appraisal except to notice a hearing before himself at which hearing several witnesses, including the person who made the reappraisal, gave testimony, and thereafter the commissioner fixed the value of the farm at the sum of $12,000. The Judge of the Bankruptcy Court upon review of the proceedings received the transcript of such hearing with the commissioner's certificate, and without further evidence approved and confirmed the commissioner's conclusion as to the value of the farm. Petitioners appeal upon the ground that the statutory procedure has not been followed; that the Commissioner took evidence outside the hearing and that petitioners were thereby deprived of the right of cross examination; and that the evidence adduced at the hearing does not support the conclusion that the value of the farm is the sum of $12,000.

The proceeding under which the court was acting is a statutory scheme under the bankruptcy provisions of the Constitution whereby a farmer who, under the stress of being unable to meet his debts as they mature, may retain possession of his farm by paying a reasonable rental and "at the end of three years, or prior thereto, * * *

may pay * * * the amount of the appraisal of the property * * * into court * * * and thereupon the court shall, by an order, turn over full possession and title of said property, free and clear of encumbrances to the debtor: * * *". Subsection s (3).

Nothing appears in this case to cast the slightest question upon the reappraisal that was had and reported, but instead of acting upon this appraisal directly the commissioner as we have seen proceeded in a hearing before himself for the determination of the farm's value. A hearing before the commissioner is provided for by the statute as an alternative method to the reappraisal by an appointed appraiser.

At the opening of the hearing the conciliation commissioner said, "We have the appraisement of the Official Appraiser appointed to appraise the real property belonging to this Estate. The return of the Appraiser fixes the estimate and appraisal of the real property in the sum of $9,000. Now, I am prepared to hear evidence from any source to either accept or reject this appraisement".

In this merger of the two methods provided for reappraisal it is clear that the commissioner misconceived the plain direction of the statute.[1] It may be argued that this was harmless error since the hearing constituted a legal and sufficient appraisal. But it was not a legal and sufficient appraisal as we shall now point out.

The commissioner's certificate to the court of the hearing before him is as follows:

"I hereby certify that the only question involved in this matter is the fixing of value of debtors ranch property upon a hearing after report by an appraiser appointed by the court, who reported the value at $9,000.

"After hearing all parties in interest and their appraisers *and after making a personal visit to the ranch and looking the property over and I talked to other property owners in the vicinity* I came to the conclusion that the property was worth Twelve Thousand Dollars ($12,000.00), and that is my finding and I accordingly fixed the value at the said amount.

[1] See John Hancock Mutual Life Ins. Co. v. Bartels, 308 U.S. 180, 60 S.Ct. 221, 84 L.Ed. 176, and Borchard v. California Bank, 310 U.S. 311, 60 S.Ct. 957, 84 L.Ed. 1222, to the effect that a debtor adjudicated bankrupt under Section 75, sub. s, is entitled to have his proceeding entertained and property dealt with in accordance with that subsection.

"The debtor is naturally aggrieved that I did not approve the appraisement of the appraiser there being a difference of Three Thousand Dollars, a hearing is provided for arriving at the fair and reasonable market value if it appears at the hearing that the value arrived at by the appraiser is in order the court can approve the appraisement, on the other hand if the appraisement of the appraiser does not meet the approval of the court, then under the law the court is empowered to fix the value arrived at from all the evidence adduced at the hearing.

"I therefore conclude that the value of debtors ranch property is not contrary to the evidence adduced at the hearing *and from personal knowledge of land values in the* vicinity of this property." (italics added)

In providing for the hearing the statute prescribes that the commissioner shall "set a date for the hearing and after such hearing, fix the value of the property in accordance with the evidence submitted. .". But the commissioner did not abide by his opening statement nor by this requirement of the statute, for after the hearing he personally proceeded as would an appraiser preparing for a hearing, to gather his own facts and to consider his own impressions therefrom together with the "evidence submitted". (No evidence taken outside the hearing is included in the transcript certified to the Judge.) The Act does not recognize the conciliation commissioner as a qualified appraiser nor authorize him to act in such capacity and does not authorize him to supplement the "evidence submitted" with investigations and evidence taking of his own outside the hearing and without the knowledge of the parties to the hearing. In short, the commissioner departed from the statute in a very material and prejudicial manner.

The presentation in person or by deposition of witnesses whose testimony is to be considered, and a reasonable opportunity for cross examination, is implicit in all formal hearings such as the one under consideration. Neither of these requisites of our jurisprudence was afforded in this instance.

It may be conceded for the presentation of the point only that the evidence actually taken at the hearing and reported in the transcript certified to the Judge would support the finding as to value. This does not cure the error for the simple reason that the evidence is not all one way. There may be support for the finding of $12,000 value and there is support in the evidence for the appraiser's finding of $9,-000 value or any amount between these figures. What influence the evidence taken outside the hearing, proper or improper, may have had upon the conclusion reached by the commissioner, or what counter effect cross-examination or rebuttal testimony would have had upon such conclusion, can never be known.

The order appealed from is reversed, annulled and set aside.