## EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES v. DEUTSCHLE.

### No. 12330.

Circuit Court of Appeals, Eighth Circuit.

Dec. 8, 1942.

526

D. L. Ross, of Council Bluffs, Iowa (Oscar E. Johnson, of Council Bluffs, Iowa, on the brief), for appellant.

W. H. Hamilton, of Sigourney, Iowa (C. G. Updegraff, of Sigourney, Iowa, on the brief), for appellee.

Before GARDNER, WOODROUGH, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal by a secured creditor (mortgagee) from an order of the district court approving and confirming an order of the conciliation commissioner entered in a proceeding under § 75, sub. s of the Bankruptcy Act, 11 U.S.C.A. § 203, sub. s, which order fixed the market value of the debtor's farm of 159 acres at $11,295.00.

The appellant contends that the market value of the farm is greatly in excess of $11,295 and that its true value is in fact between $95 and $110 an acre. The order of the commissioner as approved by the court is assailed on the grounds: (1) that his decision is erroneous because it is against the weight of the evidence; (2) that he based his low valuation, in part at least, upon the fact that the debtor's improper farming had depleted the soil; and (3) that he erred in making a personal investigation and examination of the farm for the purpose of determining the value, and that his valuation was based, in part at least, upon such examination and investigation.

The first two of these contentions may conveniently be discussed together.

It is settled by numerous authorities that when the findings of a referee in bankruptcy (conciliation commissioner under § 75, sub. s) are supported by substantial evidence they are not "clearly erroneous" within the meaning of General Order 47, 11 U.S.C.A. following section 53, and that they will not be disturbed on appeal. This is especially true where, as in this case, the order appealed from has been approved and confirmed by the district court. See Equitable Life Assurance Society v. Carmody, 8 Cir., 131 F.2d 318.

■ Value is a fact to be determined upon a consideration and weighing of evidence of all the elements and factors affecting it. In this instance the testimony in respect of the elements of value involved covered a wide field, including the topography of the land, the character of the soil, the kind of crops produced upon it in the past, the kind and condition of the buildings and fences, and the estimated cost of necessary repairs and replacements. The findings disclose that the commissioner took the evidence on all these matters into consideration in determining the market value of the land. He pointed out that the soil had been depleted by the system of cultivation practiced by the owner and that the buildings are in dire need of repair. These facts, no matter why they exist, affect the market value of the land, and value alone was the fact to be determined from the evidence. The Act does not require the appraiser of market value to eliminate from his consideration the depleted condition of the soil nor the dilapidated condition of the buildings, even though these conditions are due to the unwise system of agriculture practiced by the debtor over a period of years and to her inability to keep the buildings in repair.

Counsel for appellant earnestly insist that the order should be reversed on the third ground urged and set out above. The facts upon which this assignment of error rest may be stated briefly. Pursuant to the provisions of § 203, sub. s(3) of the Act appellant, on December 1, 1941, requested the commissioner to hear evidence and fix the value of the real estate in accordance with the evidence submitted. A hearing was had on December 30, 1941. The evidence taken on the hearing showed that in the summer of 1941 the commissioner had been on the farm and examined it. After the hearing the testimony was transcribed with the consent of the parties and the commissioner was given an opportunity to read it. After reexamining the testimony findings were made and the value fixed. In his findings the commissioner said:

"The undersigned Commissioner is quite well acquainted with all the witnesses except Mr. Wheeler and does not question the veracity and good faith of any. He is also familiar with the topography of this farm and hence had a fair understanding of what the witnesses were endeavoring to describe in giving their testimony concerning this farm. In the light of this knowledge and taking into account facts generally known and of which Courts may properly take judicial notice, I have endeavored to weigh the evidence as to its inherent strength or weakness such as for instance claimant's witnesses, Breon and Roberts, neither of whom made any examination of the improvements and condition of the soil and the crops."

■■ Appellant contends that the previous examination of the farm by the commissioner vitiates his determination of the value because, it is alleged, "his valuation was based, in part at least, upon such examination and investigation", and not solely upon the evidence adduced at the hearing. We do not think the record sustains this charge. The statute makes it the duty of the commissioner to supervise the administration of the debtor's farm and fix rentals during the three-year stay. Section 203, sub. a, provides that "No individual shall be eligible to appointment as a conciliation commissioner unless he * * * is a resident of the county [where the farm is situated], familiar with agricultural conditions therein. * * *" Ignorance of general agricultural conditions and of the particular farm which he is required to supervise is not a qualification under the statute of a conciliation commissioner. The reverse is true. He is required to fix the value, however, for redemption purposes "in accordance with the evidence submitted" upon the hearing. There is nothing in the findings to show that the commissioner did not perform that duty conscientiously in this case. The fact that he was "familiar with the topography of this farm and hence had a fair understanding of what the witnesses were endeavoring to describe in giving their testimony" was not a disqualifying fact.

The appellant relies for reversal upon the case of Moser v. Mortgage Guarantee Co., 9 Cir., 123 F.2d 423, 424. That case is not an authority for appellant's contention. In that case the commissioner reported that "after hearing all parties in interest and their appraisers and after making a personal visit to the ranch and looking the property over and I talked to other property owners in the vicinity I came to the conclusion", etc. Further, he based his conclusion upon his "personal knowledge of land values in the vicinity of this property." Clearly the commissioner in the Moser case did not fix the value "in accordance with the evidence submitted" at the hearing before him, but in part at least upon evidence taken by him

alone outside the hearing. He considered facts not disclosed at the hearing and the opinions of witnesses who could not be cross-examined. As shown by the record, that is not the situation in the present case. Here the commissioner was familiar with the topography and the conditions existing on the farm. That information enabled him to understand "what the witnesses were endeavoring to describe." The statute required him to be "familiar with agricultural conditions" in his county. Such familiarity qualified him to weigh the evidence of the witnesses. In so far as the record discloses he did not take testimony outside of the hearing upon which he based his conclusion. The findings and decision are not subject to the defect pointed out in the Moser case.

The order appealed from is accordingly affirmed.