## RAIT v. FEDERAL LAND BANK OF ST. PAUL et al.

### Nos. 12401 and 12452.

Circuit Court of Appeals, Eighth Circuit.

April 7, 1943.

Motion to Modify Denied May 24, 1943.

William Lemke, of Fargo N. D. (E. A. Tannas, of Crosby, N. D., on the brief), for appellant.

John F. Lord, of St. Paul, Minn. (Robert J. Barry and A. L. Quilling, both of St. Paul, Minn., on the brief), for appellees.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

JOHNSEN, Circuit Judge.

In a proceeding under section 75, sub. s, of the Bankruptcy Act, 11 U.S.C.A. § 203, sub. s, the farmer-debtor's land was appraised at $2,160, which amount he paid into court two months later, for the purpose of making a redemption. On request of the first and second mortgagees, whose liens against the property totalled over $11,000, the conciliation commissioner held a hearing, and he similarly fixed the value at $2,160. The secured creditors then filed a petition for review, and the district judge, on a review of the record, held that the evidence did not support the finding

of the conciliation commissioner and that the latter's order should be modified to fix the value of the property at $4,800. The farmer-debtor has appealed from the order of the district judge.[1]

■ One of the contentions made here is that, where there has been a reappraisal of the property, in a proceeding under section 75, sub. s, or where the conciliation commissioner has fixed the value after a hearing, the district judge is without jurisdiction to review the valuation. We have previously assumed that the right to review an order of the conciliation commissioner approving a reappraisal or fixing the value of the property after a hearing has always existed under the general provisions of subsection c of section 39 of the Bankruptcy Act, 11 U.S.C.A. § 67, sub. c.[2] Compare Equitable Life Assur. Soc. of United States v. Carmody, 8 Cir., 131 F.2d 318. If there has heretofore been any real question in the matter, which we have failed to recognize, it has now been sufficiently settled, we believe, against appellant's contention, by the expressions in Pfister v. Northern Illinois Finance Corporation, 317 U.S. 144, 63 S.Ct. 133, 136, 87 L.Ed. ——. See also Nalder v. Federal Land Bank of Berkeley, 10 Cir., 131 F.2d 74; Donald v. Bankers Life Co., 5 Cir., 107 F.2d 810. We accordingly hold that, in a proceeding under section 75, sub. s, of the Bankruptcy Act, an order of the conciliation commissioner approving a reappraisal made of the farmer-debtor's property, or fixing the value of the property after a hearing, properly is subject to review by the district judge, under the general provisions of section 39, sub. c, of the Act.

■ Like any finding of a referee in bankruptcy, however, a reappraisal approval by the conciliation commissioner or the value fixed after a hearing must not lightly be disturbed and should be set aside only when it is clearly erroneous. Order 47, General Orders in Bankruptcy, as effective February 13, 1939, 11 U.S.C.A., following section 53. The district judge manifestly must exercise a sound and conscientious restraint and should proceed with necessary regard for the restriction which Order 47 has placed upon his reviewing power. Equitable Life Assur. Soc. of United States v. Carmody, 8 Cir., 131 F.2d 318, 322. But where, from a review of the record and from such other proceedings as may be had before him, the district judge, on the basis of the principles referred to, is clearly convinced that the conciliation commissioner in such a situation has acted arbitrarily and without proper regard for the evidence, or that he has otherwise plainly and prejudicially erred, there can be no question as to his right to modify the conciliation commissioner's report or order, or to set it aside and receive further evidence, or to recommit the matter to the conciliation commissioner with instructions. See Order 47, General Orders in Bankruptcy, 11 U.S.C.A., following section 53.

In the present situation, the secured creditors' petition for review alleged that the conciliation commissioner had erred in fixing a value for the property that was "not the present fair and reasonable market value according to the evidence submitted at said hearing." This was simply equivalent to an allegation that the value fixed was clearly erroneous. The district judge found, as we have heretofore indicated, that "there was no testimony or evidence to support a value as low as $2,160."

The farmer-debtor testified in his own behalf that the land was worth $2,800. His son, who farmed the place, testified to the same valuation. A neighboring farmer, who was the only other witness for the farmer-debtor on specific valuation, similarly testified to a value of $2,800. On behalf of the secured creditors, two experienced land appraisers testified to a value of from $4,800 to $5,300. Despite the farmer-debtor's own testimony and that of his two other value witnesses, the conciliation commissioner declared in his findings: "The value of the lands involved as

---

[1] The proceedings here have been docketed as two appeals, by reason of the fact that appellant proceeded both by filing the usual notice of appeal and by application to this court for allowance of an appeal. All of these proceedings could have been docketed and treated as a single appeal, as we have pointed out in Stein v. Bostian, Trustee, 8 Cir., 133 F. 2d 586, footnote 1.

[2] § 39, sub. c. "A person aggrieved by an order of a referee may, within ten days after the entry thereof or within such extended time as the court may for cause shown allow, file with the referee a petition for review of such order by a judge and serve a copy of such petition upon the adverse parties who were represented at the hearing. * * * *"

fixed by the appraisement heretofore made is $2,160, and this amount is, if anything, more than the fair and reasonable market value of the lands involved"; and, again, "If the conciliation commissioner, acting as referee, felt called upon to change the appraisal of the lands heretofore made in this court he would have to lower the appraisement. There is absolutely nothing in the evidence submitted at this hearing to warrant a raising of the appraised values."

While the conciliation commissioner's report and findings purport to discuss some of the general aspects of the evidence offered at the hearing, the expressions quoted above would seem to indicate that his controlling thought was to test whether the original appraisal was justified. Under section 75, sub. s(3), 11 U. S.C.A. § 203, sub. s(3), where, instead of directing a reappraisal, he chose to hold a valuation hearing, it was his duty to "fix the value of the property, in accordance with the evidence submitted", without regard to the amount of the original appraisal as such. This does not mean that the conciliation commissioner was required simply to choose between the arithmetical estimates of the opposing value witnesses, as we have pointed out in Equitable Life Assur. Soc. of United States v. Carmody, 8 Cir., 131 F.2d 318, 321, but it does impose upon him the obligation to consider fairly and to weigh all the competent evidence offered, including opinions as to value, and not arbitrarily to ignore or to reject such evidence. Thus, we have held, on the trial of property valuation, that the verdict of a jury will not necessarily be set aside because the jury has differed with the opinions of all the expert witnesses on some particular value item, where the record as a whole, in the light of the entire evidence and the result reached, reasonably indicates that the jury must have duly considered and weighed the opinion evidence together with the general facts presented, and that it did not simply arbitrarily ignore or reject such evidence. Burnett v. Central Nebraska Public Power & Irrigation Dist., 8 Cir., 125 F.2d 836. Here, the expressions of the conciliation commissioner and the result reached by him produced a clear conviction in the district judge that all of the specific value evidence had been ignored. Such statements as that there was absolutely nothing in the evidence to warrant increasing the ap-

praised value, and that, if anything, the amount of the appraisal ought to be lowered, seem to us to justify the district judge's conviction and conclusion that the conciliation commissioner's finding was clearly erroneous.

Appellant argues that it should be assumed that the conciliation commissioner accepted the value fixed by the farmer-debtor's witnesses and that he simply deducted the amount of the accrued taxes against the property. There is nothing in the report or findings to support such a contention, nor to indicate that the original appraisal, which the conciliation commissioner apparently primarily sought to test, was made upon any such basis. The district judge was not required to indulge in any such speculative and incompetent assumption, nor will we do so here.

Since the district judge must be held to have been justified in concluding and holding that the finding of the conciliation commissioner was clearly erroneous in that it had disregarded the competent evidence submitted at the hearing before him, the district judge had the right, if he chose to do so, under Order 47, General Orders in Bankruptcy, 11 U.S.C.A., following section 53, to make a proper determination of the value of the property, and to modify the report of the conciliation commissioner accordingly. Whether the value thus fixed was higher than that which the conciliation commissioner might have made if he had properly determined the issue in the first instance is not a matter with which we can concern ourselves here. Our only power and duty in the situation presented here are to test whether the result which now has been reached by the district judge's exercise of his authorized functions is itself clearly erroneous. Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A., following section 723c. On the record before us, we cannot declare the value fixed by the district judge to be clearly erroneous. The fact that some other equally sustainable result might have been reached on the evidence is beside the point.

Appellant argues that the order of the district judge should be reversed because it fails to fix a separate value for each of the four quarter-sections of land involved, so as to enable him to make a partial redemption. No such request was made of either the conciliation commis-

sioner or the district judge, nor was the question suggested in any manner in appellant's petition for reconsideration filed in the district court. The statute does not impose a duty upon the conciliation commissioner or the district judge, without request, to make separate unit valuations of a farm that has previously been used as an entirety. Certainly, the failure of the court to make appropriate unit valuations on its own motion cannot afford any basis for a reversal of the value properly fixed on the only issues which were submitted by the parties. If a right to apportion the value fixed into appropriate units exists under the statute, it can be duly asserted in the district court after our mandate has issued.

The judgment is affirmed.