## DUNSDON v. FEDERAL LAND BANK OF ST. PAUL.
### No. 12395.

Circuit Court of Appeals, Eighth Circuit.
June 29, 1943.

S. E. Ellsworth, of Jamestown, N. D., and William Lemke, of Fargo, N. D. (Elmer McClain, of Lima, Ohio, on the brief), for appellant.

John F. Lord, of St. Paul, Minn. (Robert J. Barry and A. L. Quilling, both of St. Paul, Minn., on the brief), for appellee.

Before GARDNER, THOMAS, and JOHNSEN, Circuit Judges.

JOHNSEN, Circuit Judge.

The question is whether the district judge erred in modifying an order of the conciliation commissioner, in a proceeding under section 75, subsection s, of the Bankruptcy Act, 49 Stat. 942, 11 U.S.C.A. § 203, sub. s, changing the value fixed upon the farmer-debtor's land from $2,880 to $4,800.

■ We have previously declared that, under Order 47, General Orders in Bankruptcy, 11 U.S.C.A. following section 53, it is the duty of the district judge to accept the conciliation commissioner's finding as to value, based upon a hearing, unless "he is soundly convinced from the proceedings before him that it is clearly erroneous." Equitable Life Assur. Soc. of United States v. Carmody, 8 Cir., 131 F.2d 318, 323. Again, in Rait v. Federal Land Bank of St. Paul, 8 Cir., 135 F.2d 447, we emphasized that the value duly fixed upon a farmer-debtor's property, after a hearing before the conciliation commissioner, like any finding of a referee in bankruptcy, should not lightly be disturbed, and that the district judge ought to proceed with a sound and conscientious restraint, before overturning it on review.

■ We said also, however, in the latter case, 135 F.2d at page 450, that, "where, from a review of the record and from such other proceedings as may be had before him, the district judge, on the basis of the principles referred to, is clearly convinced that the conciliation commissioner in such a situation has acted arbitrarily and without proper regard for the evidence, or that he has otherwise plainly and prejudicially erred, there can be no question as to his right to modify the conciliation commissioner's report or order, or to set it aside and receive further evidence, or to recommit the matter to the conciliation commissioner with instructions."

In the Rait case, the record showed, by the conciliation commissioner's own statements, that he had arbitrarily ignored all the evidence of both parties on specific valuation and refused to give any consideration to it, and that he was attempting primarily to test and to sustain the original appraisal, instead of undertaking to "fix the value of the property, in accordance with the evidence submitted", as was his responsibility under subsection s(3), of section 75 of the Act. In this

situation, we held that the district judge was justified in treating the proceedings and the result as clearly erroneous, and that, under Order 47, General Orders in Bankruptcy, he had the right in the circumstances to make a proper determination of the value of the property, by such proceedings as he saw fit to adopt.

The record now before us presents a situation where the district judge appears simply to have differed with the judgment of the conciliation commissioner on the evidence of the witnesses, and where, without receiving any further evidence, he has substituted his judgment on the original record for that of the conciliation commissioner.

There is in the record, it is true, a somewhat interesting bit of general community harmony and co-operation—at least upon the question of the value of the farmer-debtor's land. His witnesses were substantially all his immediate neighbors, and none of them could be accused of having been delinquent in his cause. One of them was president of the local Debt Adjustment Association and frankly admitted that "I'm helping these farmers scale down on their farms", and that, in the making of the original appraisal, "I took the appraisers and drew up the papers." The appraisers, apparently under the witness' guidance, had placed a value of $2,000 upon the property, and the other neighborly witnesses were unanimous and undeviating in their testimony on the hearing that this was the value of the land.

These circumstances and any other indicative attitude of the witnesses on the hearing were, of course, proper matters for consideration by the conciliation commissioner, in determining the weight to be given their evidence. They are not, however, such factors as alone can afford a sound basis for the district judge, on a mere review of the record without receiving further evidence, to challenge the conciliation commissioner's finding of value, where the evidence for the farmer-debtor, as a whole, is not generally incompetent, incredible or unsubstantial, in relation to the finding.

The district judge, where he chooses simply to review the record made before the conciliation commissioner, without himself receiving further evidence, must give due regard to the greater opportunity which the conciliation commis-

sioner has had to judge of the credibility of the witnesses. Federal Rules of Civil Procedure, rule 52(a), 28 U.S.C.A. following section 723c; General Orders in Bankruptcy, Order 47, 11 U.S.C.A. following section 53. He should not attempt, where he does not receive further evidence, to set aside a finding of the conciliation commissioner, unless it is based upon a material error in the proceedings or a mistaken view of the controlling law, or is unsupported by any substantial evidence, or is contrary to the clear weight of all the evidence. Cf. Ætna Life Ins. Co. v. Kepler, 8 Cir., 116 F.2d 1, 5.

Appellee has argued, in effect, that the finding of the conciliation commissioner here is contrary to the clear weight of the evidence, but, on the present record, the weight of the evidence in the counterpans of the legal scale can only be regarded as being relative and not absolute.

We realize, of course, that local situations have made the conciliation commissioner system, in some areas, a not entirely ideal set-up for the judicial functions involved under the Act, and that a district judge, who knows the weaknesses of his district, may doubtless feel a conscientious concern, where he believes that injustices are being done. But, in the long range, judicial administration fundamentally is a matter of general process rather than of individual result. Particularly is this true as applied to review powers and functions. Where there has once been an opportunity for a judicial hearing, the results in individual cases in the federal courts are not ordinarily subject to correction on mere record reviews, except where the processes on which the results rest themselves constitute general legal injustices. In a proceeding of the character here involved, where there has been only a review of the previous record and no additional evidence has been received, the law clearly does not contemplate that a finding of a conciliation commissioner shall be set aside by a district judge on a mere difference in personal judgment as to the crediting of the record evidence.

It will be noted that we have emphasized that the review here was made only on the basis of the previous record. What we have said should therefore not be taken to imply that a district judge is utterly helpless in any case to deal

with a specific situation, simply because the record submitted to him on review meets the mechanical tests and standards which we have detailed. Under the Bankruptcy Act, we think that a district judge must be regarded as occupying inherently a more fundamental status and relationship in the administration of bankruptcy affairs than those of an ordinary appellate tribunal. See Act of June 22, 1938, c. 575, § 2, subs. a(10) and b, 52 Stat. 842, 843, 11 U.S.C.A. § 11, subs. a(10) and b, and Order 47, General Orders in Bankruptcy, 11 U.S.C.A. following section 53. As we have indicated in the Carmody case, 131 F.2d at page 323, situations may exist where, in the interest of justice, he may soundly exercise a discretion to receive or require additional evidence in connection with a review of a conciliation commissioner's order, and determine from the entire record thus before him whether a correct result has been reached. Compare In re American Mail Line, Ltd., 9 Cir., 115 F.2d 196, 198; Lane v. Illinois Bankers Life Assur. Co., 10 Cir., 116 F.2d 475, 477; In re Fineman, D.C.Md., 32 F.Supp. 212, 214. Whether oral evidence shall be received or required in the proceedings before him is, of course, a matter for his sound discretion and is not a matter of right to the parties.

Some other contentions have been raised by appellant, which are all answered by Rait v. Federal Land Bank of St. Paul, 8 Cir., 135 F.2d 447, and which will therefore not be discussed.

The order of the district court will be reversed and the cause remanded for further proceedings not inconsistent with this opinion.