**KAUK v. ANDERSON, State Treasurer.**
No. 12511.

Circuit Court of Appeals, Eighth Circuit.
July 14, 1943.

332

F. E. McCurdy, of Bismarck, N. D., for appellant.

Robert A. Birdzell, of Bismarck, N. D. (Olaf M. Thorsen, of Bismarck, N. D., on the brief), for appellee.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

The appellant is a farmer-debtor who was adjudged a bankrupt under § 75, sub. s, of the Bankruptcy Act, 11 U.S.C.A. § 203, sub. s, on May 31, 1940. He is the owner of a farm of 320 acres in Logan County, North Dakota. In 1930 he mortgaged this farm to the Bank of North Dakota to secure a loan of $3,500. The mortgage was assigned to the appellee, whose claims against the bankrupt, growing out of this mortgage loan, aggregate approximately $4,000 and interest. This controversy is due to a difference of opinion as to the value of the farm, the possession and title of which the debtor now seeks to reacquire free from encumbrances. 11 U.S.C.A. § 203, sub. s(3).

The farm was appraised (11 U.S.C.A. § 203, sub. s) at $1,600. The debtor paid that amount into court (11 U.S.C.A. § 203, sub. s(3) to effect redemption. The appellee requested a reappraisal or a valuation (11 U. S.C.A. § 203, sub. s(3). A hearing before a Conciliation Commissioner was had pursuant to this request, at which both parties presented evidence as to the value of the farm. The Commissioner determined the value to be $1,600. On petition of the appellee to review the order of the Commissioner, the District Judge modified the order by fixing the value of the farm at $4,040. The debtor has appealed from the order of the District Judge.

The debtor contends: (1) That the court of bankruptcy did not have power to order a reappraisement or to fix the value of the farm after the "redemption money" had been paid into court "within the time fixed by the court"; and (2) that the District Judge erred in increasing the value fixed by the Commissioner to $4,040.

■ The first contention is not before us, since it was not presented to the court below. Kimm v. Cox, 8 Cir., 130 F.2d 721, 737, and cases cited. Moreover, the record does not show that the bankruptcy court made any order attempting to limit the time within which the debtor was to pay the appraised value of the farm into court or the time within which a revaluation of the debtor's farm might be applied for. The Bankruptcy Act contemplates that the amount of the appraisal shall be paid into court by the debtor at the end of three years or prior thereto, and a creditor is given the right, on request, to a reappraisal or a valuation, after a hearing, in accordance with the evidence submitted. 11 U.S. C.A. § 203, sub. s(3). There is nothing before us to indicate that the appellee did not fully comply with the pertinent provisions of the Act.

The contention that the District Judge erred in disturbing the finding of value made by the Conciliation Commissioner raises the substantial question in this case.

The effect of the findings of fact of a referee or a conciliation commissioner, where the evidence is conflicting and the determination must rest upon the credibility of witnesses and the weight of evidence, has been considered by this Court in a number of cases. See: Maners v. Ahlfeldt, 8 Cir., 59 F.2d 938, 939; Rasmussen v. Gresly, 8 Cir., 77 F.2d 252, 254; Yutterman v. Sternberg, 8 Cir., 86 F.2d 321, 111 A.L.R. 736; Equitable Life Assur. Soc. of United States v. Carmody, 8 Cir., 131 F.2d 318, 322; Equitable Life Assur. Soc. of United States v. Deutschle, 8 Cir., 132 F.2d 525, 526; Rait v. Federal Land Bank of St. Paul, 8 Cir., 135 F.2d 447; Dunsdon v. Federal Land Bank of St. Paul, 8 Cir., 137 F.2d 84, opinion filed June 29, 1943.

■ The conciliation commissioner in a case such as this is the trier of the issue of value and is acting as a referee. His findings of fact must be accepted upon review unless clearly erroneous. They are clearly erroneous if they are based upon a substantial error in the proceedings or upon a misapplication of the controlling law, or if they are unsupported by any substantial evidence, or if they are contrary to the clear weight of all the evidence. Dunsdon v. Federal Land Bank of St. Paul, supra. The duty and responsibility of the conciliation commissioner is to impartially and competently try the issue of value upon the lawful evidence adduced by the parties, to fairly appraise the credibility of the witnesses and the weight of their evidence, and, upon the basis of the competent, credible evidence, to soundly determine the issue tried. The function of the district judge, in reviewing the determination of the conciliation commissioner, is to ascertain (1) whether a fair hearing was accorded, (2) whether all competent evidence offered was received and considered, (3) whether any incompetent evidence was received and relied upon, (4) whether there was substantial competent evidence to support the determination, and (5) whether it is contrary

to the clear weight of all of the competent evidence adduced.

■■■■ The district judge may not try the issue de novo upon the record and substitute his judgment of value for that of the conciliation commissioner. Dunsdon v. Federal Land Bank of St. Paul, supra. If the parties were accorded a fair hearing by the commissioner, if no prejudicial error was committed by him, if all competent evidence was considered, and no incompetent evidence was relied upon, and if he reached a determination justified by the evidence, his determination is, ordinarily, conclusive. This does not mean that, on review, the district judge is required to blindly and literally accept as substantial the testimony of expert witnesses which is opposed to physical facts or to common knowledge or to the dictates of common sense or which is obviously based upon pure speculation. Svenson v. Mutual Life Ins. Co. of New York, 8 Cir., 87 F.2d 441, 445, and cases cited. It does mean that substantial, competent, and credible evidence, adduced before the commissioner, which supports his determination, may not be disregarded by the district judge upon review. We have already pointed out in the Dunsdon case that a district judge may receive additional evidence upon the issue of value in order to prevent a miscarriage of justice in the administration of § 75, sub. s, of the Bankruptcy Act.

■■■■ The district judge in a case such as this must first decide whether the conciliation commissioner has competently tried and competently determined the issue of value. If he has, his determination should stand. If he has not, then the district judge must decide whether to modify the commissioner's valuation upon the evidence in the record, whether to set the order aside and receive further evidence, or whether to recommit the matter to the conciliation commissioner with instructions. See General Orders in Bankruptcy, Order 47, 11 U.S.C.A. following section 53. A choice between the several alternatives will necessarily depend upon the circumstances of the particular case. The record on review may afford a sound and sufficient basis for a determination of value by the district judge and therefore justify a modification of the commissioner's valuation. Unless the record does furnish such a basis, we think that the proper course for the district judge to pursue is either to take additional evidence and then determine the issue from the evidence as supplemented or to remand the case to the commissioner with directions to retry the issue of value, pointing out to him the errors which invalidated his previous determination.

■■■■ In the instant case, the Commissioner did not competently try the issue of value. He did not receive or consider evidence offered by the appellee of recent sales of farms similar to the farm in suit. The Commissioner regarded such evidence as inadmissible because it related to sales which were not made for cash. The fact that the sales were not for cash could be considered in determining the probative value of the evidence, but not as affecting its admissibility. The general rule is that all considerations that might reasonably be given substantial weight by an owner willing to sell and a purchaser desiring to buy in arriving at the value of land in fair negotiations, should be taken into account in determining its worth. Olson v. United States, 292 U.S. 246, 257, 54 S.Ct. 704, 78 L.Ed. 1236; and compare Hard & Rand, Inc., v. Biston Coffee Co., 8 Cir., 41 F.2d 625, 627.

■■■■ The Conciliation Commissioner also erred by receiving incompetent evidence. This consisted of letters written to him after the hearing by purchasers of farm lands in the vicinity of the farm in suit, stating the amount which they had paid for the lands purchased by them. These letters were hearsay, and the appellee was afforded no opportunity to cross-examine their authors. The District Judge was warranted in inferring that the Commissioner's misconception of what constituted competent evidence of value influenced his determination. Compare Moser v. Mortgage Guaranty Co., 9 Cir., 123 F.2d 423.

Whether the determination of value made by the Commissioner was contrary to the clear weight of all the competent evidence submitted, viewed in the light of improved farming conditions "of such general notoriety as not to require proof" (Olson v. United States, 292 U.S. 246, 257, 54 S.Ct. 704, 709, 78 L.Ed. 1236), we need not determine, since the Commissioner committed prejudicial error in the proceedings before him.

■■■■ There is in the record a substantial evidentiary basis for the valuation fixed

by the District Judge.[1] The record shows that the buildings on this farm cost and were worth approximately $3,000; that 85 acres of the farm were under cultivation; that most of the remaining acreage was pasture; and that substantial crops were produced in 1941. The verified application of the farmer-debtor to the Bank of North Dakota for the $3,500 loan, in 1930, was in evidence. In this application he stated that the improvements which he had then just completed upon the farm were conservatively worth $5,500; that he had paid $2,660 for one quarter section in 1925 and $2,800 for the other quarter section in 1928; that the value of the land and buildings was $12,000; that the surface of the land was "level to gently rolling"; that the soil was heavy black loam with clay subsoil; that 280 acres were tillable, and that 85 acres had been cultivated. The debtor himself testified that the buildings on the farm had cost him about $2,800 and had been kept in good condition. There was expert evidence in the record that the farm, at the time of the hearing, was worth more than the amount which the court fixed as its value.

Under the circumstances, the order appealed from does not represent an abuse of power or discretion on the part of the District Judge. It is affirmed.

---

[1] The record includes the evidence of sales which was rejected and not considered by the Commissioner.