## CARTER *v.* KUBLER.

No. 18. Argued October 13, 1943.—Decided November 8, 1943.

*Mr. Elmer McClain* for petitioner.

*Mr. T. W. Kimber* for respondent.

MR. JUSTICE MURPHY delivered the opinion of the Court.

The narrow issues presented by this case are whether it was error under § 75 (s)(3) of the Bankruptcy Act[1] for a conciliation commissioner to fix a valuation partly on the basis of his personal investigation and, if so, whether that error was cured on review by the District Court.

Petitioner, the farmer debtor, was adjudicated a bankrupt under § 75 (s). After a $5,800 appraisal of his farm had been approved by a conciliation commissioner, petitioner was permitted to retain possession of the property for the statutory three-year period. At the end of that time, he petitioned the District Court for a reappraisal of the property for redemption purposes, pursuant to § 75 (s) (3).[2] The judge then referred the matter to the same conciliation commissioner who had approved the original appraisal and directed that he "have a reappraisement of the farm made and that the secured creditor be afforded an opportunity to present evidence as to the present fair value of such farm and that the conciliation commissioner

---

[1] 11 U. S. C. § 203 (s) (3).

[2] The pertinent portion of § 75 (s) (3) provides that "upon request of any secured or unsecured creditor, or upon request of the debtor, the court shall cause a reappraisal of the debtor's property, or in its discretion set a date for hearing, and after such hearing, fix the value of the property, in accordance with the evidence submitted, and the debtor shall then pay the value so arrived at into court . . . and thereupon the court shall, by an order, turn over full possession and title of said property, free and clear of encumbrances to the debtor."

determine the correct appraised value and fix a reasonable time within which the debtor shall redeem the farm from the mortgage lien, failing in which a public sale is ordered."

Pursuant to this order, the conciliation commissioner held hearings to determine the fair and reasonable value of the farm in question. Respondent, the secured mortgage holder, called five witnesses whose estimates of the value of the farm ranged from approximately $29,000 to $33,000. The values given by petitioner's five witnesses were from $6,500 to $12,000. All but one of these witnesses were subjected to cross-examination. Subsequently, the conciliation commissioner made the following finding: "After hearing the testimony given by the several witnesses, and studying the briefs furnished by the defendant and the plaintiff, and upon a personal investigation by the conciliation commissioner of the value of said farm, I hereby fix the value of said farm at $150 per acre [approximately $25,000 for the entire farm]." The commissioner did not indicate when or under what circumstances his personal investigation had been made.

Petitioner then requested the District Court to review and reverse the commissioner's order allowing him to redeem the farm on payment of $25,000. Included in the specification of errors was the claim that the valuation was erroneous and void "because made and fixed by the conciliation commissioner upon a personal investigation . . . made outside of and independent of the hearings . . . at which personal investigation neither the petitioner herein nor his counsel was afforded opportunity to offer counter evidence or to cross-examine concerning the evidence adduced by said personal investigation." The District Court, after reviewing the entire testimony introduced at the hearing before the commissioner and after reading the briefs submitted by the parties, concluded that the commissioner's estimate was too

high and reduced the valuation to $20,000. It does not appear that the District Court made any use or mention of the commissioner's personal investigation in arriving at this valuation or that any evidence was utilized other than that properly introduced at the hearing before the commissioner.

Petitioner renewed his objection to the personal investigation in his appeal to the Circuit Court of Appeals. The latter, however, merely stated that there was no abuse of judicial discretion by the District Court in fixing the valuation at $20,000 and that there was no reversible error. 131 F. 2d 222. We granted certiorari, limited to the question of the propriety of the commissioner's personal investigation, because of an asserted conflict with *Moser* v. *Mortgage Guarantee Co.*, 123 F. 2d 423.

We are of the opinion that the conciliation commissioner erred in fixing the value of the property partly upon his personal investigation, but that, under the circumstances of this case, such error was cured inasmuch as the District Court reëxamined all the evidence properly introduced at the hearing before the commissioner and thereupon modified the latter's valuation.

Section 75 (s) (3) makes clear the impropriety of the conciliation commissioner's action. If the District Court conducts a hearing to determine the value of the property or if the conciliation commissioner is authorized to hold such a hearing, the statute provides that the valuation shall be fixed "in accordance with the evidence submitted" at the hearing. The statute confers no authority on either the judge or the commissioner to act personally as an appraiser or to conduct his own factual inquiry absent the knowledge and consent of the parties to the hearing. The valuation must thus be determined solely from the evidence adduced at the hearing and the use of evidence obtained in any other manner is improper. *Moser* v. *Mortgage Guarantee Co.*, *supra; Equitable Life As-*

*surance Society* v. *Deutschle,* 132 F. 2d 525. And the parties are entitled to a valuation based on a strict adherence to this orderly procedure. *John Hancock Mutual Life Ins. Co.* v. *Bartels,* 308 U. S. 180; *Borchard* v. *California Bank,* 310 U. S. 311.

Moreover, once a hearing has been ordered, § 75 (s) (3) necessarily guarantees that it shall be a fair and full hearing. The basic elements of such a hearing include the right of each party to be apprized of all the evidence upon which a factual adjudication rests, plus the right to examine, explain or rebut all such evidence. Tested by that standard, the personal investigation by the conciliation commissioner cannot be justified. It was apparently made without petitioner's knowledge or consent and no opportunity was accorded petitioner to examine or rebut the evidence obtained in the course of such investigation. The use of this evidence was therefore inconsistent with the right to a fair and full hearing. *Moser* v. *Mortgage Guarantee Co., supra,* Wigmore on Evidence, § 1169 (3rd edition).[3]

The irregularity of the commissioner's personal investigation, however, appears to have been cured by the District Court's review and modification of the commissioner's valuation. Order 47 of the General Orders in Bankruptcy,[4] which is applicable to the review of the commissioner's valuation,[5] provides in effect that the commissioner's findings of fact shall be accepted by the

---

[3] See also *Atlantic & Birmingham Ry. Co.* v. *Cordele,* 125 Ga. 373, 54 S. E. 155; *Ralph* v. *Southern Ry. Co.,* 160 S. C. 229, 158 S. E. 409; *Denver Omnibus & Cab Co.* v. *J. R. Ward Auction Co.,* 47 Colo. 446, 107 P. 1073; *Elston* v. *McGlauflin,* 79 Wash. 355, 140 P. 396; *Anderson* v. *Leblang,* 125 Misc. 820, 211 N. Y. S. 613.

[4] 11 U. S. C. following § 53.

[5] Sec. 75 (s) (4) of the Bankruptcy Act, 11 U. S. C. § 203 (s) (4); Order 50 (11) of the General Orders in Bankruptcy, 11 U. S. C. following § 53; *Equitable Life Assurance Society* v. *Carmody,* 131 F. 2d 318, 322; *Rait* v. *Federal Land Bank,* 135 F. 2d 447, 450.

judge "unless clearly erroneous." Order 47 further provides that "the judge after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions."

Had the District Court done no more than summarily affirm and adopt without change the commissioner's finding of a $25,000 value, the defect upon which that finding rested would not have been cured and petitioner would have been deprived of the fair hearing to which he was entitled. *Moser* v. *Mortgage Guarantee Co., supra.* But here the commissioner's error was brought to the judge's attention by petitioner and we cannot assume that the judge was unmindful of this objection. The District Court disregarded the commissioner's $25,000 valuation, heard argument by counsel, made an independent and complete review of the conflicting evidence introduced at the hearing before the commissioner, and fixed the valuation at $20,000 "under the evidence before me." All of this was authorized by Order 47 inasmuch as the commissioner's personal investigation made his finding as to value "clearly erroneous."

It is thus apparent that the error of which petitioner complains was cured by the District Court. Since none of the evidence procured by the commissioner through his personal investigation was included in the record certified to the judge, it cannot be said that the judge's $20,000 valuation was in any way grounded on such improper evidence. Petitioner had full opportunity to examine and rebut all the evidence utilized by the judge in fixing this valuation.

This procedure, furthermore, gave petitioner the full and fair hearing guaranteed to him by Congress. If the conciliation commissioner is properly authorized to conduct a reappraisal hearing and commits an error which can be and is corrected by the District Court on appeal,

the hearing contemplated by § 75 (s) (3) has been had. A party is not entitled to a trial de novo as of right on the review in the District Court, *Equitable Life Assurance Society* v. *Carmody*, 131 F. 2d 318, and none was requested by petitioner. Nor is there any requirement that the judge must reverse and remand the case to the commissioner for further hearings or for his considered judgment based solely on the competent evidence. To so hold would render nugatory the discretionary power given the judge by Order 47 to receive further evidence himself or to modify or reject, in whole or in part, the commissioner's findings on appeal. In addition, it would make mandatory what is at most a discretionary power of the judge under § 75 (s) (3) to authorize a hearing before the commissioner.

The judgment below is accordingly

*Affirmed.*