RHODES v. FEDERAL LAND BANK OF ST. PAUL et al.

No. 12626.

Circuit Court of Appeals, Eighth Circuit.

Feb. 16, 1944.

Elmer McClain, of Lima, Ohio (William Lemke and Harry A. Weaver, both of Fargo, N. D., on the brief), for appellant.

John F. Lord, of St. Paul, Minn. (Robert J. Barry and A. L. Quilling, both of St. Paul, Minn., on the brief), for appellees.

Before THOMAS and JOHNSEN, Circuit Judges, and MOORE, District Judge.

JOHNSEN, Circuit Judge.

We have heretofore emphasized,[1] in farmer-debtor proceedings under section 75, subsection s,[2] of the Bankruptcy Act, that where a conciliation commissioner has held a "hearing", pursuant to subsection s (3), and has fixed the value of the farmer-debtor's property, for redemption purposes, "in accordance with the evidence submitted", the district judge, on petition for review,[3] does not have the right to try the question of value de novo on the record,[4] merely because he disagrees with the conciliation commissioner on the weight to

[1] Dunsdon v. Federal Land Bank of St. Paul, 8 Cir., 137 F.2d 84; Equitable Life Assur. Soc. of United States v. Carmody, 8 Cir., 131 F.2d 318. See also Kauk v. Anderson, 8 Cir., 137 F.2d 331; Rait v. Federal Land Bank of St. Paul, 8 Cir., 135 F.2d 447; Equitable Life Assur. Soc. of United States v. Deutschle, 8 Cir., 132 F.2d 525.

[2] 49 Stat. 943, 11 U.S.C.A. § 203, sub. s.

[3] A district judge is, of course, not required to refer a hearing to fix value to a conciliation commissioner, since it "is at most a discretionary power of the judge under § 75, sub. s(3) to authorize a hearing before the commissioner." Carter v. Kubler, 320 U.S. 243, 64 S.Ct. 1, 4.

[4] Our previous decisions point out that, unless there has been some error in the conciliation commissioner's processes, the district judge may not simply try the question of value de novo on the record, but that he does have the right, if the record suggests that a gross miscarriage of justice probably has occurred, to test the situation by receiving additional evidence, and, in the new legal situation thus created, to make such disposition of the

which the conflicting, but substantial, competent and credible, evidence of the witnesses is entitled.

In the appeal now before us, the farmer-debtor contends that the district judge ignored this principle, substituted his own judgment on witness-credibility for that of the conciliation commissioner, and unwarrantedly increased the redemption value of the farmer-debtor's land from the sum of $2,000, fixed by the commissioner, to the sum of $4,000, and that his order therefore should be reversed.

■ Some of the findings and conclusions of the district judge, in relation to the evidence, tend to support appellant's contention and to approach the situation in Dunsdon v. Federal Land Bank of St. Paul, 8 Cir., 137 F.2d 84. But a reading of the entire record indicates that there was a ground on which the proceedings and order of the conciliation commissioner were required to be held "clearly erroneous", and the district judge was under the circumstances authorized to make a determination of the value of the land on a proper legal basis.

The conciliation commissioner's order recited that the value of $2,000 fixed by him was arrived at, "after considering the evidence as to values of said real property offered and received at said hearing, *and taking judicial cognizance of all the files and records in this case.*" (Emphasis added.) The appraisal report has been incorporated in the record here, as being one of the filings of which the conciliation commissioner purported to take judicial notice in reaching his decision. The value fixed by the commissioner was the identical figure of the appraisal report.

■■ We have pointed out, in Rait v. Federal Land Bank of St. Paul, 8 Cir., 135 F.2d 447, 451, that the object of the value-hearing provided for in subsection s(3) of the statute is not to test or to attempt to sustain the appraisal report. The purpose of the hearing, as we said in the Rait case, is "to 'fix the value of the property, in ac-cordance with the evidence submitted', without regard to the amount of the original appraisal as such", but by a proper adherence to judicial standards. For purposes of reaching a value-result, the contents of the appraisal report ordinarily will have no place in the hearing as a matter of substantive evidence, and certainly none whatever by way of judicial notice. For the conciliation commissioner to undertake to use it, by judicial notice, as a factor in his decision, is to fuse an improper element into the processes of the hearing and into the result reached.[5]

While the point has not been made the subject of an explicit finding or conclusion by the district judge, we think that, for purposes of testing on appeal whether the district judge's order is "clearly erroneous", the matter is sufficiently within the purview of the general conclusion of the district judge that "Section 75(s) (3) expressly gives the right to either the bankrupt or the creditors to a re-appraisal or hearing at which value will be fixed as of the time redemption is sought", when considered in relation to the allegation in the secured-creditors' petition for review that the conciliation commissioner had not fixed "the present, fair and reasonable market value according to the evidence submitted at said hearing".

■ Since the proceedings and order of the conciliation commissioner were "clearly erroneous" on the ground stated, the only remaining question is whether the value fixed by the district judge was proper on the evidence. On that point, there can be no sound question, so far as our right of review extends in the matter.[6] The record contains ample supportive evidence on the general value-elements of the farm, and of prices on comparative land-sales, as well as competent testimony of specific valuation by various witnesses in the sums of $4,800 $5,000, and $5,500, respectively. In addition, it was shown that the farmer-debtor had himself placed a valuation of $4,500 upon the property in his sworn schedules in the proceeding, and

matter as the entire evidence before him appears soundly to demand. Dunsdon v. Federal Land Bank of St. Paul, 8 Cir., 137 F.2d 84, 86, 87; Kauk v. Anderson, 8 Cir., 137 F.2d 331, 334.

[5] The caution in the recent decision of the Supreme Court in Carter v. Kubler, 320 U.S. 243, 64 S.Ct. 1, 3, that a value hearing under § 75, sub. s(3), must be "a fair and full hearing", based upon "a strict adherence" to judicial standards, bears re-emphasis here.

[6] Cf. Rait v. Federal Land Bank of St. Paul, 8 Cir., 135 F.2d 447, 451; Kauk v. Anderson, 8 Cir., 137 F.2d 331, 334, 335; Carter v. Kubler, 320 U.S. 243, 64 S.Ct. 1, 4.

there was substantial credible evidence also that, since the proceeding was instituted, land values in the community had increased generally, because of a number of improved and successive crop-seasons.

Affirmed.