POWELL et ux. v. WUMKES.

No. 10610.

Circuit Court of Appeals, Ninth Circuit.

April 14, 1944.

H. R. Griffin, of San Bernardino, Cal., for appellant.

Nichols, Cooper & Hickson, of Pomona, Cal., and C. P. Von Herzen, of Los Angeles, Cal., for appellee.

Before MATHEWS, STEPHENS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

In 1940 the appellants (whom we shall call the debtors) filed their petition for conciliation or an extension pursuant to § 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, relating to agricultural compositions. Being unable to secure acceptance of their extension proposal, they amended their petition and were adjudicated bankrupts under subsection (s). The matter was then referred to the conciliation commissioner (acting as referee) for further proceedings, and in June of 1941 the commissioner made the usual order continuing the debtors in possession for a period of three years and fixing the rental to be paid.

The debtors had two parcels of real estate, the first of which is not involved here. The second parcel, containing about six acres planted to citrus fruits, was encumbered by a purchase money mortgage of $12,000 in favor of appellee Wumkes. This parcel had been appraised in the proceeding at $5,200. In December of 1942 the debtors petitioned for a reappraisal or a redetermination of the value of the property in line with the provisions of § 75, sub. s(3). A date for hearing was set, but appellee had removed from his former residence and the mailed notice did not reach him. The hearing was several times adjourned, being set finally for March 3, 1943. At that time appellee, who had meanwhile received notice of the proceeding, appeared with his attorney, but the attorney was permitted at his own request to withdraw before any testimony had been offered, leaving appellee without representation. A number of witnesses were examined, all on behalf of the debtors, and the commissioner later made findings in which he fixed the value of the parcel at $3,900. Appellee, through attorneys whom he had meanwhile employed, petitioned the commissioner for a rehearing, but his petition was denied. He then petitioned the District Judge for a review of the valuation order and of the commissioner's order denying a rehearing.

Along with his petition for review appellee presented the affidavits of several persons, each of whom was apparently competent to testify as to values and all of whom were familiar with the property. One of the affiants stated the value of the parcel to be $8,500, another fixed its value at $8,000, and offers to purchase the land were submitted at figures substantially in excess of the value as determined by the commissioner. Appellee submitted also his own affidavit, claiming the value to be not less than $10,000. We may here add that in his petitions for rehearing and for review appellee claimed that because of the withdrawal of his attorney he had not been afforded an opportunity of presenting appropriate evidence before the commissioner in respect of the true value of the encumbered parcel; and further, that he understood his attorney had arranged for the calling of witnesses on his behalf, whereas this had not been done.

Upon consideration of the petition and affidavits, together with the certificates on review, the District Court reversed the order denying a rehearing, set aside the commissioner's valuation order, and re-

ferred the matter back for a further hearing as to value.[1] From this order the debtors appeal.

Order 47 of the General Orders in Bankruptcy, 11 U.S.C.A. following § 53, is pertinent. It provides: "Unless otherwise directed in the order of reference the report of a referee or of a special master shall set forth his findings of fact and conclusions of law, and the judge shall accept his findings of fact unless clearly erroneous. The judge after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions."[2]

 Order 47 is not too happily phrased, but considering its provisions in their entirety it would seem that they do not shackle the judge to the extent that an appellate court is circumscribed by Rule 52(a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The judge has large supervisory powers. Where he confines himself to a review of the record made before the referee he is not permitted to try factual questions de novo, that is to say, he is not at liberty to reject the findings of the referee merely because he disagrees with the latter as to the credibility of witnesses or the weight to be accorded conflicting evidence. But unlike an appellate court the judge is empowered, in appropriate circumstances, to receive further evidence; and on the basis of the enlarged record he may modify or make findings, or may recommit the matter for further hearing by the referee.

The Court of Appeals of the Eighth Circuit, in a series of cases, has had occasion to consider Order 47 in its relation to proceedings for the redetermination of value under § 75, sub. s(3), and has announced views substantially the same as those stated above. Equitable Life Assur. Soc. of United States v. Carmody, 131 F. 2d 318; Rait v. Federal Land Bank, 135 F.2d 447; Dunsdon v. Federal Land Bank, 137 F.2d 84; Kauk v. Anderson, 137 F.2d 331; Rhodes v. Federal Land Bank, 8 Cir., 140 F.2d 612, 613. In the most recent of these decisions, Rhodes v. Federal Land Bank, the previous holdings are summar-

ized in a footnote, where it is said that the judge has the right, "if the record suggests that a gross miscarriage of justice probably had occurred, to test the situation by receiving additional evidence, and, in the new legal situation thus created, to make such disposition of the matter as the entire evidence before him appears soundly to demand."

The showing made on review here might well convince a judge that a rehearing should in fairness be accorded and appellee given an opportunity to present evidence. The referee may reach the same conclusion on the second hearing as he did on the first, but the showing indicated at least the possibility that a miscarriage of justice had occurred. The judge must be conceded a reasonable measure of discretion, and we think it enough to say that his discretion was not abused in this instance.

Affirmed.

---

[1] The order was conditioned on the payment by appellee of a fee for the services of the debtors' attorney.

[2] A general right of review of orders of a referee is provided by § 39(c) of the Bankruptcy Act, 11 U.S.C.A. § 67(c).

See also § 2(10) of the Act, 11 U.S.C.A. § 11(10), relating to powers of the bankruptcy court; Pfister v. Northern Illinois Finance Corp., 317 U.S. 144, 63 S. Ct. 133, 87 L.Ed. 146.