**UNITED STATES v. CODY et al. and four other cases.**

Nos. 4118–4122.

United States Court of Appeals Tenth Circuit.

Dec. 26, 1950.

Neil Brooks, Associate Solicitor, U. S. Department of Agriculture, Washington, D. C. (Max M. Bulkeley, U. S. Atty. for the District of Colorado, Denver, Colo., Clifford C. Chittim, Asst. U. S. Atty., for the District of Colorado, Boulder, Colo., S. E. Paul, Regional Attorney, U. S. Department of Agriculture, R. N. Robinson, Attorney, U. S. Department of Agriculture, Denver, Colo., on the brief), for appellant.

Merle M. Marshall, Alamosa, Colo., for appellees.

Before PHILLIPS, Chief Judge, and BRATTON and PICKETT, Circuit Judges.

BRATTON, Circuit Judge.

These appeals arise in proceedings in Bankruptcy. Ray Kemper Cody, Paul Espie Snyder, Bradley Overseth Austin, William Alonzo Russell, and Smith Sylvester Martin, farmers in the San Luis Valley, in Colorado, filed separate petitions under subsections a–r of section 75 of the Bankruptcy Act, as amended, 11 U.S.C.A. § 203, subs. a–r. In each instance, the United States—in the name of the Farm Security Administration, later the Farmers Home Administration, of the Department of Agriculture—filed a proof of claim. Each claim included the price at which land involved in the proceeding was sold to the debtor, plus accrued interest, and a balance consisting of indebtedness for rural rehabilitation loans made by the government to the debtor for the purchase of livestock, farm machinery and equipment, and other operating capital. In each instance acceptance of a plan of composition was not effectuated and the debtor amended his petition asking to be adjudged a bankrupt under subsection s of section 75. In each instance an order of adjudication was entered, the matter was referred to a conciliation commissioner, an appraiser was appointed, the property was appraised, the appraisal was approved, rental was fixed. the debtor was allowed to remain in posses-

sion of the property for a period of three years, and a conventional stay order was entered. Thereafter, the government requested reappraisals. In some instances a second appraisal was requested and ordered, and in some a second and a third were sought and ordered. The same person made the final appraisals and in general the amount was less than that fixed in the earlier appraisal or appraisals. The conciliation commissioner approved the final appraisals and the government petitioned for review by the district judge. After hearing evidence, the district judge in each instance approved and affirmed the order of the conciliation commissioner and remanded the proceeding to the conciliation commissioner. The government perfected separate appeals and the proceedings were submitted in this court on a single record.

■ General Order in Bankruptcy 47, 11 U.S.C.A. following section 53, provides in substance that unless otherwise directed in the order of reference the report of a referee or of a special master shall set forth his findings of fact and conclusions of law; that the judge shall accept such findings of fact unless they are clearly erroneous; that after hearing, the judge may adopt the report, may modify it, may reject it in whole or in part, may receive further evidence, or may recommit it with instructions. In cases of this kind the conciliation commissioner acts at referee in respect to the issue of value, within the meaning of this order. Equitable Life Assurance Society of United States v. Carmody, 8 Cir., 131 F.2d 318; Kauk v. Anderson, 8 Cir., 137 F.2d 331.

■■ Upon review, it is the duty of the district judge to accept the findings of the conciliation commissioner relating to the issue of value unless they are clearly erroneous. They are clearly erroneous if based upon a substantial error in the preceedings or upon a misapplication of the controlling law, or if unsupported by any substantial evidence, or if contrary to the clear weight of all the evidence. Kauk v. Anderson, supra.

■■ While it is the duty of the district judge to proceed with due regard for the principles referred to, if on the whole record he is clearly convinced that in fixing the value of the property of the debtor the conciliation commissioner acted arbitrarily and without proper regard for the evidence, or that the findings are unsupported by any substantial evidence, or that they are against the clear weight of all the evidence, it is the duty of the judge to receive further evidence and fix the value, or recommit the matter to the conciliation commissioner with instructions. But, like any finding of fact of a referee in bankruptcy, the findings of value made by the conciliation commissioner on appraisal or reappraisal should be disapproved and set aside only when clearly erroneous. Rait v. Federal Land Bank of Saint Paul, 8 Cir., 135 F.2d 447.

■ The government contends that the findings of value made by the conciliation commissioner were clearly erroneous and should have been set aside by the district judge. The argument in support of the contention is that the appraiser who made the final appraisals took into consideration matters which had no relationship to market value and failed to take into account factors which had an important bearing upon such value; that despite the infirmities in the appraisals the conciliation commissioner approved the reports; and that the district judge improvidently affirmed the orders of the conciliation commissioner. It would not serve any useful purpose to review in detail the reports of the appraiser or the evidence adduced upon the hearing before the district judge. Based upon a careful examination of the entire record, we are unable to say that the findings of value made by the conciliation commissioner were clearly erroneous.

The further contention of the government is that the district judge declined to set aside the erroneous orders of the conciliation commissioner for inadequate reasons of expediency. To sustain the contention, reliance is placed upon certain statements contained in the comments of the judge in announcing disposition of the several proceedings. But such statements do not stand alone, and they are not to be lifted from their context and considered

separate and apart from others. And when the statements or comments of the judge are considered in their totality we do not find any basis for the conclusion that the judge failed in any degree to discharge the obligation resting upon him under General Order 47, supra, to review in a sound manner the findings of the conciliation commissioner in respect to the market value of the property of each debtor.

The orders appealed from are severally Affirmed.