## In re REX.

## REX v. BURK.

## No. 7727.

Circuit Court of Appeals, Seventh Circuit.

Jan. 28, 1942.

Rehearing Denied March 2, 1942.

Samuel E. Cook, of Huntington, Ind., for appellant.

Harry P. Schultz, of Lafayette, Ind., for appellee.

Before SPARKS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

The debtor in a proceeding under Subsection s of Chapter 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, sub. s, appeals from a judgment of the District Court directing reappraisement of certain real estate and extending to him the privilege to redeem the land by paying such reappraised value at any time within ninety days after reappraisement, contending that the time fixed for redemption is not reasonable.

The court approved the debtor's petition under Section 75, filed May 3, 1937, entered a stay of all proceedings and referred the matter to the conciliation commissioner for administration. Finding himself unable to effectuate a composition or extension agreement with his creditors, the debtor, on July 19, 1937, filed an amended petition and thereupon was adjudged bankrupt under Subsection s. The proceeding was then referred again to the conciliation commissioner, who procured an appraisement fixing the value of the real estate here involved at $6,750. The debtor had in his schedules valued the land at $7,000. The debtor was given possession of the land for three years from March 1, 1938, upon his agreement to pay a reasonable rental.

On April 11, 1941, some forty-two days after expiration of the three years, during all of which the debtor had possession of the land, the court, upon petition of a mortgagee seeking sale of the premises and cross-petition of the debtor seeking reappraisement and permission to redeem, after hearing the evidence, found that the three years granted debtor for possession and enjoyment had expired; that the debt-

or was entitled to reappraisement; that he was unable to redeem at the then appraised value but was entitled to ninety days as a reasonable time within which to redeem at the reappraised value. The court thereupon referred to the commissioner the entire matter with instructions to procure reappraisement by three qualified appraisers and to permit the debtor to redeem at the reappraised value within ninety days from the date of such reappraisal. It is from that order that the debtor appeals averring that he should have an additional three years within which to redeem at the reappraised value.

The accrued indebtedness due the mortgagees is in excess of $12,000. The debtor now asserts that his original valuation in 1937 was excessive; that the appraisement was excessive and that he now desires reappraisement. To the latter he is clearly entitled and this the court granted him. The only controversy is as to the reasonableness of ninety days within which he must exercise the privilege.

Under the statute, Section 75, sub. s(3), the debtor had the right to have the property reappraised and under Wright v. Union Central Life Ins. Co., 311 U.S. 273, at page 281, 61 S.Ct. 196, at page 201, 85 L.Ed. 184, when the value had been determined by such reappraisement, "he was then entitled to have a reasonable time, fixed by the court, in which to redeem at that value." If he should so redeem, the land would then be turned over to him free and clear of incumbrance and his discharge granted. In case he failed to redeem within a reasonable time, the court would be authorized to sell at public auction. Wright v. Union Central Life Ins. Co., supra.

Whether the time within which an act shall be performed is reasonable depends upon all circumstances in evidence. The trial court heard the evidence, and, being familiar with the history of the case and charged with administration of the law, concluded as a matter of fact, that ninety days was reasonable. It was the trier of the facts and, in the absence of an abuse of discretion upon its part, we should not interfere.

The act provides that the debtor may redeem at any time within the three-year period during which he enjoys possession or at conclusion of the same. To grant a long extended period for redemp-

tion after reappraisement is to extend indefinitely the period authorized by statute during which the debtor may enjoy possession of mortgaged property. Congress saw fit to give him three years of enjoyment with the right to redeem at any time within that period and the right to have reappraisement. But we find in the record no valid legal reason for setting aside the findings of the District Court and saying that an additional ninety days is unreasonably short. We are further persuaded of the propriety of this conclusion by comparing it with the congressional provision of ninety days for redemption in case of public sale.

The debtor contends that he should have three years in which to redeem. Surely it was not the intent of Congress that the three-year period during which a distressed debtor might redeem might thus be extended to twice that period.

The judgment is affirmed.