**HUBER et al. v. MORAN.**

No. 12707.

Circuit Court of Appeals, Eighth Circuit.

Feb. 5, 1944.

R. Brown, of Creston, Iowa (Geo. F. Buresh, of Cedar Rapids, Iowa, on the brief) for appellants.

E. Marshall Thomas, of Dubuque, Iowa, for appellee.

Before STONE, JOHNSEN, and VAN VALKENBURGH, Circuit Judges.

STONE, Circuit Judge.

Appellants are farmers proceeding under Section 75, sub. s, of the Bankruptcy Act, as amended, 11 U.S.C.A. § 203, sub. s, in connection with an Iowa farm which had been deeded to appellee to satisfy an indebtedness with a contract for repurchase. In the course of the proceeding (which began March 2, 1940), the property had been appraised at $11,000 and annual rental fixed at $1,200 (March 1, 1941, to March 1, 1942) and at $1,000 (from March 1, 1942, to March 1, 1943). Appellants filed an application for credit on rental of certain expenditures by them. January 14, 1943, an order was entered allowing the credit in part and denying it otherwise. There was no appeal from this order. Appellants sought further consideration of such credits and also consideration of a few additional claimed credit items. On May 15, 1943, the Court entered an order declining further consideration of the theretofore adjudicated items and allowing the additional items in part and denying the balance. An appeal from this order was, on motion, dismissed in this Court. Appellants filed a petition for reappraisement of this real estate by the Court and a petition for rehearing on the order of May 15, 1943. Appellee filed a motion for fixing of the rental for the farm year 1943. June 30, 1943, the Court entered an order (after full hearing) denying the petition for rehearing, fixing the value of the property at $15,600, the 1943 rental at $1,320 and the debt due appellee at $20,270.51. From that order, appellants bring this appeal. Heretofore, this appeal in so far as it re-

lates to denial of the petition for rehearing has been, on motion, dismissed by this Court.

Three matters are argued in the brief and orally. The first has to do with the items involved in the petition for rehearing relating to credits. Since this portion of the appeal has been dismissed, no consideration can be given to that issue. The two other matters are the claimed excessiveness of the appraised value of the property and of the rental fixed for 1943. These are really questions of the sufficiency of the evidence to sustain the determinations of the trial Court as to each of these matters; but, as put forward here, present an attack upon the measure of value used by the Court.

The contention of appellants is that, under this section 75, "the fair and reasonable market value of land as intended by Congress was that value on which the farm would over a period of years earn a sufficient income to enable the farmer to permanently own his farm and home." [1] Section 75, sub. s provides that the appraisal shall be "at its then fair and reasonable market value" and provides for a "reappraisal" (75, sub. s(3). Obviously, the reappraisal is to ascertain the then "market value." "Market value" has an established legal meaning. That the Congress comprehended and intended this legal meaning and not that contended for by appellants is emphasized by the express requirements as to ascertainment of value in railroad reorganization proceedings under section 77 of the Act, 11 U.S.C.A. § 205. See Group of Institutional Investors v. Chicago, M., St. P. & Pac. R. Co., 318 U.S. 523, 539, 63 S.Ct. 727.[2]

■ The legal meaning of the "market value" of land or other property not having an established current open market is that it is "the amount that in all probability would have been arrived at by fair negotiations between an owner willing to sell and a purchaser desiring to buy." Olson v. United States, 292 U.S. 246, 257, 54 S.Ct. 704, 709, 78 L.Ed. 1236;

De Laval Co. v. United States, 284 U.S. 61, 72, 52 S.Ct. 78, 76 L.Ed. 168; Whitlow v. Commissioner, 8 Cir., 82 F.2d 569, 574; Olson v. United States, 8 Cir., 67 F.2d 24, 29, 30; North American Teleg. Co. v. Northern Pac. Ry. Co., 8 Cir., 254 F. 417, 418. Such "market value" is necessarily a matter of estimate based upon elements having a bearing upon the judgment of such a seller and buyer. Olson v. United States, 292 U.S. 246, 256, 257, 54 S.Ct. 704, 78 L.Ed. 1236; Olson v. United States, 8 Cir., 67 F.2d 24, 29, 30; North American Teleg. Co. v. Northern Pac. Ry. Co., 8 Cir., 254 F. 417, 418. In appraisals of farm lands in proceedings under section 75, sub. s of this Act, this Court has applied this rule of determination of "market value" and has called attention to various elements having a bearing upon such value. Kauk v. Anderson, 8 Cir., 137 F.2d 331, 334, 335; Rait v. Federal Land Bank of St. Paul, 8 Cir., 135 F.2d 447, 451; Equitable Life Assur. Soc. v. Deutschle, 8 Cir., 132 F.2d 525, 527; Equitable Life Assur. Soc. v. Carmody, 8 Cir., 131 F.2d 318, 321. We hold that the measure of value in appraisals and reappraisals under section 75, sub. s, is, by that section, expressly required to be the market value as that term is legally established as above.

■ Next as to the sufficiency of the evidence to support the determinations of the Court as to the reappraised value and the rental for 1943. Appellants urge no difference between these two matters. Appellee presented three and appellants seven witnesses. Two of appellee's witnesses were long-experienced dealers in farm lands—one being also a farmer—living in the county where this farm is located. The other witness for appellee had lived all of his life in a village (Farley) near this farm; had farmed for ten or fifteen years in that vicinity; had sold farms in that neighborhood for thirty years; and was engaged in "real estate and dairy man." All of appellants' witnesses lived in Farley or on farms in that vicinity. One

---

[1] The brief argues also that present increased taxation makes farm net earnings doubtful.

[2] The provision in section 77, sub. e is: "The value of any property used in railroad operation shall be determined on a basis which will give due consideration to the earning power of the property, past, present, and prospective, and all other relevant facts. In determining such value only such effect shall be given to the present cost of reproduction new and less depreciation and original cost of the property, and the actual investment therein, as may be required under the law of the land, in light of its earning power and all other relevant facts." Title 11 U.S.C.A. § 205, sub. e.

was an experienced real estate dealer, another experienced in real estate and livestock, a third was in a bank at Farley, three were farmers and one (a brother of appellants) works on this farm for appellants—two of these witnesses acted as appraisers in the original appraisal of this farm. All of the witnesses knew this farm. The evidence was comprehensive as to location of this farm, topography, character of land, kind and quality of soil, water, improvements, condition of improvements and productivity. There was evidence that appellants had paid $32,400 for this farm in 1919; that they had contracted, in April, 1939, to pay $16,852.79 for repurchase of the farm; and they had (in March, 1940) scheduled its value in this proceeding at $18,000. The estimates of value were, by appellee's witnesses, $15,500, $16,000 and $17,000 and of rental were $1,200, $1,300 and $1,440. Such estimate of value by appellants' witnesses were $10,000 (by one witness), $11,000 (by two witnesses), $11,500 (by three witnesses) and between $10,000 and $12,000 (by one witness), and of rentals were $1,000 (by three witnesses), $1,100 (by one witness), $1,080 to $1,200 (by one witness) and no estimate by two witnesses. This evidence put before the Court the main elements bearing upon the market value of this farm and the diverse expert opinions of such market value. From this outline of the character of evidence before the trial Court, it is clear there is no basis for a reversal by this Court of the determinations of that Court.

As our determination favors appellee, we have not considered a motion to dismiss the appeal but, solely for the purpose of disposing thereof, we deny the motion without prejudice if the future progress of this case should make it again pertinent.

Counsel have brought to our attention that the three year stay order of the trial Court within which appellants may redeem this farm under the repurchase contract will expire February 10, 1944. In this situation, counsel for appellee urges that, if the order be affirmed, this Court state a period during which such right of redemption shall exist. We think this should be done since the record here informs us to the necessary extent and there is urgency in acting because of the near approach of the beginning of the farm year in this part of the country.[3]

The problem is to state a "reasonable time" (see Wright v. Union Central Ins. Co., 311 U.S. 273, 281, 61 S.Ct. 196, 85 L.Ed. 184) in which appellants may redeem by payment of the reappraisal value. What is a reasonable time depends upon the controlling circumstances. In re Rex, 7 Cir., 125 F.2d 491, 492. The order fixing the reappraisal value was made June 30, 1943, and appeal taken July 26, 1943. Since the date of the order, appellants have known that unless they were successful on this appeal they would have to pay the reappraisal value if they wished to redeem the property. It thus became their duty to prepare for the eventuality that the order might, on this appeal, be affirmed. They are not, therefore, in position to expect the same indulgence as upon the date the reappraisal value was determined when they were first apprised of the value they must meet. Other considerations rest upon the circumstance that the beginning of the farm year is near. About March first is the time when leases and other arrangements for farm occupancy and cultivation begin and when proper cultivation begins. If both parties are to escape the risk of losing much of a year's value of this land, their rights should be determined as of earlier in March. Otherwise, the debtors will cultivate at their peril and will be at a decided disadvantage in making arrangements for other land if they do not redeem; and, likewise, the creditor will be deprived of the opportunity for a year's crop if there is no redemption and she is to take over the land. In this situation, we deem a reasonable time for such redemption to be until on or before March 10, 1944. Certified copies of this opinion will be promptly transmitted to counsel for the parties and thus the greatest time, reasonable in this situation, given to appellants to exercise their redemption rights.

The order appealed from is affirmed with directions as to the above period for redemption and with directions to the Clerk of this Court to transmit a certified copy of this opinion to counsel for each of the parties immediately.

[3] We take judicial knowledge of the commonly known facts that March first is the beginning of the farm year in this part of the country and that leases of farms and transfers for cultivation purposes ordinarily begin with that date.