**UNITED STATES of America,**
**Appellant,**

v.

**Homer HILLIARD and Alice Hilliard,**
**His Wife, Appellees.**

**No. 19317.**

United States Court of Appeals
Eighth Circuit.

June 16, 1969.

Robert S. Lynch, Attorney, Department of Justice, Washington, D. C., for appellant; Clyde O. Martz, Asst. Atty. Gen., Dept. of Justice, and Edmund B. Clark, Attorney, Dept. of Justice, and

Charles M. Conway, U. S. Atty., Fort Smith, Ark., on the brief.

Walter R. Niblock, Fayetteville, Ark., for appellees.

Before BLACKMUN, MEHAFFY and HEANEY, Circuit Judges.

MEHAFFY, Circuit Judge.

The Government has appealed from a judgment entered by the United States District Court for the Western District of Arkansas awarding $23,000.00 damages to appellees for the taking by condemnation of a perpetual easement to occasionally flood and exercise mosquito control over 570.5 acres of a total of 1433 acres of appellees' property in connection with the operation of the Dardanelle Lock and Dam Project.

The district court appointed a three-member commission to determine the issue of compensation as authorized by Fed.R. Civ.P. 71A(h), but rejected the commission's finding that the landowners were entitled to $35,000.00 damages on the ground that there was no evidence in the record to support such an award, and that it was therefore clearly erroneous. The district court thereupon modified the report to conform to the record evidence and entered judgment based thereon awarding appellees $23,-000.00 in damages. We affirm.

The sole issue on this appeal is whether the district court properly exercised the power granted to it under Fed.R. Civ.P. 53(e) (2) with respect to its action on the commission's report, the Government contending that the court exceeded its authority when it modified the report by reducing the amount of damages and that the issue should have been recommitted to the commission or a new trial ordered. Rule 53(e) (2) provides that the court "may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions." [1]

---

1. Fed.R.Civ.P. 71A(h), which authorizes the district court to appoint a three-member commission to determine the issue of compensation in eminent domain proceedings, provides that the commission shall have the powers of a master as provided

The trial court found that it is undisputed that the highest and best use of the easement land is for the production of turkeys and that the easement adversely affects the market value of the land. The trial court further found in its memorandum opinion that there was substantial evidence to establish damages.

The appraised value of the property by the various witnesses before the commission was:

| Witness | Appraised Value Before Taking | Appraised Value After Taking |
|---|---|---|
| Orange P. Hilliard | $562,000.00 | $477,000.00 |
| Jimmy Taylor | 583,000.00 | 518,300.00 |
| William A. Payne | 500,000.00 | 500,000.00 |
| Adam Gibson | 528,000.00 | 528,000.00 |

■ The commission concluded that the fair market value of the land as of the date of the taking was $500,000.00 and that its value after impressment of the easement was $465,000.00. Thus, it concluded that just compensation would be the difference of $35,000.00. The district court held that the before value of $500,000.00 was supported by substantial evidence, but that the commission erred in finding that the after value was $465,-000.00 for the reason that the lowest after value fixed by any witness was $477,-000.00. Therefore, the court held that the commission should have found that just compensation was the difference between the before value of $500,000.00 and the after value of $477,000.00, or $23,000.00. The district court concluded its memorandum by stating:

"The court is of the opinion that justice does not require that the court recommit the report to the Commission but that justice will be served by modifying the report and fixing compensation at $23,000."

The district court was amply justified in finding under the evidence that the fixing of the value of the property at $465,-000.00 after taking of the easement was clearly erroneous, and it correctly followed the teachings of United States v. Merz, 376 U.S. 192, 84 S.Ct. 639, 11 L.Ed. 2d 629 (1964), when it modified the commission's ruling to conform to the evidence.

In *Merz*, the Supreme Court in referring to the powers of the district court under Rule 53(e) (2) said (376 U.S. at 199–200, 84 S.Ct. at 644):

"It may 'modify' the report on the basis of the record made before the commissioners, or it 'may reject it in whole or in part or may receive further evidence or may recommit it with instructions'—all as provided in Rule 53(e) (2). We think the District Court in each of these cases should

in Rule 53(c), that proceedings before it shall be governed by the provisions of Rule 53(d) (1) and (2), and that its findings and report shall have the effect, and be dealt with by the court in accordance with the practice prescribed in Rule 53(e) (2).

Fed.R.Civ.P. 53(e) (2) provides: "*In Non-Jury Actions.* In an action to be tried without a jury the court shall accept the master's findings of fact unless clearly erroneous. Within 10 days after being served with notice of the filing of the report any party may serve written objections thereto upon the other parties. Application to the court for action upon the report and upon objections thereto shall be by motion and upon notice as prescribed in Rule 6(d). The court after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions."

have the opportunity under Rule 53(e)(2) to make its decision afresh, in light of this opinion. We write on a clean slate against a background of a contrariety of views among the circuits. The reports in each of these cases leave much to be desired, measured by the standards we have suggested. None of the reports should have been adopted without more by the District Court. On remand, its informed discretion will be used to determine whether the matters should be resubmitted in whole or in part to the respective commissioners *or whether, in light of the exigencies of the particular case, the court should itself resolve the disputes on the existing records,* or on those records as supplemented by further evidence." (Emphasis supplied.)

Following the statement that the district court had the alternative in its discretion to "resolve the disputes on the existing records," the Supreme Court cited with apparent approval the following cases (376 U.S. at 200, 84 S.Ct. at 644 n. 5): United States v. 44.00 Acres of Land, 234 F.2d 410, 414 (2nd Cir. 1956), cert. denied, Odenbach v. United States, 352 U.S. 916, 77 S.Ct. 215, 1 L.Ed.2d 123 (1956); United States v. Twin City Power Co., 248 F.2d 108, 112 (4th Cir. 1957); United States v. Certain Interests in Property, 296 F.2d 264, 268 (4th Cir. 1961); and United States v. Carroll, 304 F.2d 300, 303–304 (4th Cir. 1962).

In United States v. 44.00 Acres of Land, *supra*, "the trial judge modified the Commission's finding of just compensation by reducing the amount to $760,778.35" (from approximately one and one-half million), and the Second Circuit affirmed, saying at 414:

"1. Rule 71A(h), together with Rule 53(e)(2) gave the judge authority to reject, in part, a finding of the Commissioners if 'clearly errroneous' and to modify their award accordingly. He was not obliged to, although he had discretion to, remand their report to the Commissioners for a revised finding.

"2. It is obvious to us, and it was to the judge, that, in valuing the property, the Commissioners (despite their statement that they took all pertinent factors into consideration) relied primarily on reproduction-cost-new less depreciation. The judge, in his excellent opinion, properly rejected such a valuation. We think his revised valuation is amply supported by the evidence, and that it is not 'clearly erroneous.'

"We think it immaterial that, in revising the Commissioners' findings as to 'severance' and rental values, the judge did not explicitly state that they were clearly erroneous. We think his revised findings are amply supported by the evidence."

In the second case cited by the Supreme Court in *Merz*, United States v. Twin City Power Company, *supra*, the district judge reviewed the evidence and the findings of the commissioners as to the value of the lands there involved, held the findings with respect to the values to be clearly erroneous, and found the correct values thereof. The Government appealed, contending that the amount of the judgment was excessive and that the judge transcended his powers in overruling the findings of the commissioners. In holding that the district court acted within its authority in this respect, Chief Judge Parker of the Fourth Circuit said (248 F.2d at 112):

"The government argues that because there was substantial testimony supporting the findings of the commissioners and because they saw and heard the witnesses, the trial judge was bound to accept their findings. If this were the law, the right of review vested in the trial judge by Rule 53, Fed.Rules Civ.Proc., 28 U.S.C.A., would amount to little, for almost always the master or commissioners see and hear the witnesses and seldom do they render a report which can be said to be without substantial support in the evidence. It was the purpose of the rule, where there is a trial without a jury, to place ultimate responsibility

for the findings of fact upon the judge. Where there has been a reference to a master, the master's findings are entitled to special weight because he has seen and heard the witnesses but they are not given the effect of a verdict by a jury. The language of the rule is that the court shall accept the master's findings unless clearly erroneous. This is manifestly a guide to be followed in the exercise of the discretion vested in the District Judge, not a limitation upon his power. The rule applicable is well stated by Judge Bratton, speaking for the Court of Appeals of the Tenth Circuit in United States v. Waymire, 10 Cir., 202 F.2d 550, 553, as follows:

" 'Under the plain language of Rule 53, it is the duty of the court to accept the findings of fact made by a master unless they are clearly erroneous. But the findings of a master may be modified in part, or rejected in toto, if they are clearly erroneous. In like manner, under the equally clear language of Rule 71A(h), the findings and awards of a commission shall be accepted unless they are clearly erroneous. But they may be modified in part, or rejected in toto, if they are clearly erroneous. And even though there is evidence to sustain findings of a master or a commission, as the case may be, they are clearly erroneous if the reviewing court on the entire evidence has the definite and firm conviction that a mistake has been committed.'

"We review the District Judge, not the commissioners; and under Rule 52(a) we may not set aside his findings unless they are clearly erroneous." [2]

In United States v. Certain Interests in Property, *supra*, cited with approval by the Supreme Court in the *Merz* case, the Court of Appeals, in upholding the action of the district court, said (296 F.2d at 268):

"The Government contends that the District Court had no authority to substitute its own findings for those of the commission. As a general rule, the facts as determined by the finder thereof are accepted by the reviewing court. In its brief the Government argues that 'the resolution of questions of credibility of witnesses is peculiarly a matter for the factfinder who saw them testify, heard the inflection of their voices, and observed their relative candor in answering questions.' We find no fault with this statement of principle. However, where the factfinder bases a finding on opinion testimony of an expert witness whose stated reasons for his opinion are patently unsound and without support in the record, the reviewing court should reject, as clearly erroneous, the finding based on such testimony."

In the other case cited by the Supreme Court in *Merz*, United States v. Carroll, the court stated (304 F.2d at 303–304):

"With respect to the scope of review and modification by the District Judge of a condemnation commission report, the Fifth Circuit has recently said in United States v. Tampa Bay Garden Apartments, Inc., 294 F.2d 598, 603 (1961):

" ' * * * We do not think the power to modify is to be narrowly construed or applied. The power to modify is a power to alter or change, and to enlarge and add to as well as to limit, restrict or reduce. The district court could have rejected the Commission's findings had they been clearly erroneous. Had this been done, the district court could have substituted its own findings based upon the evidence before the Commission. United States v. Twin City Power Co., 5 Cir., 1958, 253 F.2d 197.' "

The Government cites the case of United States v. Rainwater, 325 F.2d 62 (8th Cir. 1963), where we held that the district court was not entitled to substitute its judgment for the judgment of the members of the commission where the commission's findings and award

---

2. To the same effect, see O'Brien v. United States, 392 F.2d 949 (5th Cir. 1968).

were supported by substantial evidence. It will be noted that the *Rainwater* decision was handed down prior to the *Merz* decision (the year before), which resolved any conflict between the circuits. We discussed the decisions in *Rainwater* which were later cited with approval in *Merz,* as well as the standard which we applied in O'Rieley v. Endicott-Johnson Corp., 297 F.2d 1 (8th Cir. 1961), and held that by either standard there was no basis for sustaining the district court's action in substituting its judgment for that of the commission since the commission's findings were supported by substantial evidence.

We have decided a number of post-*Merz* cases, but the issue here was not involved.[3]

In the recent case of Government of Virgin Islands v. 2.6912 Acres of Land, 396 F.2d 3, 5 (3rd Cir. 1968), the Third Circuit recognized the power of the district court to resolve the issues on the basis of the record rather than resubmit the case to the commissioners, stating:

> "Despite the near unanimous desire of the parties for this remand, we are concerned in so doing that every effort be made to expedite the proceedings because these cases have already become five years old. Accordingly, as in *Merz,* on this remand the district court's ' * * * informed discretion will be used to determine whether the matters should be resubmitted in whole or in part to the respective commissioners or whether, in light of the exigencies of the particular case, the court should itself resolve the disputes on the existing records, or on those records as supplemented by further evidence.' 376 U.S. at 200, 84 S.Ct. at 644."

■ Judge Miller, who has much expertise in this field, noted the *Merz* case as well as *Rainwater* and others in his memorandum and meticulously followed

the teachings of *Merz.* Under *Merz,* the district court has the authority to modify the order, and certainly we cannot say that the district court's action was clearly erroneous.

The judgment fixing just compensation at $23,000.00 and approving and confirming the conclusion of the commission in all respects except as to the amount of compensation is affirmed.

---

3. *E. g.,* Sykes v. United States, 392 F. 2d 735 (8th Cir. 1968); Ozark Real Estate Co. v. United States, 377 F.2d 88 (8th Cir. 1967); United States v. Bell, 363 F.2d 94 (8th Cir. 1966); Mills v. United States, 363 F.2d 78 (8th Cir. 1966); Morgan v. United States, 356 F. 2d 17 (8th Cir. 1966).